IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLAN J. BEARD,                  *

    Plaintiff,               *

v.                               *       Civil Action No. BPG-10-2378

MICHAEL J. ASTRUE,               *
Commissioner of
Social Security,                 *

    Defendant.               *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### MEMORANDUM

Plaintiff, Allan J. Beard, brought this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, et seq. Currently pending are plaintiff's Motion for Summary Judgment and defendant's Motion for Summary Judgment. (ECF Nos. 12, 14.) These motions have been referred to the undersigned with the parties' consent, pursuant to 28 U.S.C. § 636 and Local Rule 301. No hearing is deemed necessary. Loc. R. 105.6. For the reasons discussed below, the court denies plaintiff's motion for summary judgment and grants defendant's motion for summary judgment.

**I. Background**

Plaintiff Allan J. Beard ("plaintiff") filed for a period of disability and DIB on April 19, 2007 alleging that he became

disabled on April 18, 2007 as a result of, inter alia, familial hemiplegic migraines[1] ("FHM") and gout. (R. at 89-95, 105.) Plaintiff's applications were denied initially (R. at 50-52) and upon reconsideration (R. at 57-58). On September 29, 2008, an administrative hearing was held before Administrative Law Judge ("ALJ") Drew A. Swank, at which plaintiff was represented by his attorney. (R. at 26-47.) In a decision dated October 8, 2008, ALJ Swank concluded that plaintiff is not disabled under the relevant sections of the Social Security Act and, accordingly, denied his application for benefits. (R. at 14-21.)

On August 11, 2010, the Appeals Council held that there was no basis for granting review of the ALJ's decision. (R. at 1-4.) Plaintiff now petitions this court for summary judgment reversing the ALJ's decision and awarding plaintiff the benefits he has requested. (ECF No. 12.) In the alternative, plaintiff asks this court to remand the matter to the Social Security Administration for further proceedings. (Id.) The Commissioner argues that his final decision is supported by substantial evidence and should be affirmed. (ECF No. 14.)

## II. Standard of Review

The role of this court on review is to determine whether the ALJ applied correct legal standards and whether substantial

---

[1] Hemiplegic migraines are "associated with varying degrees of transient hemiplegia," which is defined as "paralysis of one side of the body." Dorland's Medical Dictionary 848, 1184 (31st

evidence supports the ALJ's decision.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is that which "a reasoning mind would accept as sufficient to support a particular conclusion."  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966); accord Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  It is more than a scintilla but less than a preponderance of the evidence.  Id.  It is evidence sufficient to justify a refusal to direct a verdict if the case were before a jury.  Hays, 907 F.2d at 1456.  In reviewing for substantial evidence, the court does not weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ.  Id.

In determining whether a claimant is disabled, the Commissioner has promulgated regulations that set forth the following five step analysis.  20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137 (1987).

   (1)  The ALJ determines whether the claimant is engaged in substantial gainful activity as defined in 20 C.F.R. § 404.1571 and § 416.971 et seq.  If so, the claimant is not disabled.

   (2)  If not, the ALJ examines the physical and/or mental impairments alleged by the claimant and determines whether these impairments meet the durational and severity requirements set forth in 20 C.F.R. § 404.1520 and § 416.920.  If not, the claimant is not disabled.

   (3)  If so, the ALJ considers whether the impairment or impairments, either severally or in combination, meet or equal an impairment listed in 20 C.F.R. Part 404,

---

ed. 2007).

>     Subpart P, Appendix 1, known as the Listing of
>     Impairments. If so, the claimant is disabled.
>
> (4) If not, the ALJ considers whether the claimant retains
>     the residual functional capacity ("RFC") to do past
>     relevant work ("PRW"). If so, the claimant is not
>     disabled.
>
> (5) If not, the ALJ determines whether the claimant is
>     capable of some other work based on the claimant's RFC,
>     age, education, and past work experience. The
>     Commissioner bears the burden of proof at step five.
>     <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995). If
>     the claimant is not capable of other work, the claimant
>     is disabled.

### III. <u>Discussion</u>

Plaintiff advances two arguments in support of his claim that the Commissioner's final decision is not supported by substantial evidence. First, plaintiff contends that the ALJ improperly relied on the Medical-Vocational Guidelines ("Guidelines") regarding whether plaintiff could perform work and failed to obtain the testimony of a vocational expert. (ECF No. 12-1 at 4-5.) Second, plaintiff asserts that the ALJ did not account for his nonexertional limitations in formulating his RFC. (<u>Id.</u> at 5.) The court will address each argument in turn.

#### A. <u>Whether the ALJ Erred by Relying on the Guidelines</u>

Plaintiff challenges the ALJ's reliance on the Guidelines to conclude that plaintiff is capable of performing jobs that exist in significant numbers in the national economy. (ECF No. 12-1 at 4-5.) Specifically, plaintiff asserts that his nonexertional limitations, including vision loss, numbness in his left arm and

leg, double vision, short term memory loss, and difficulty communicating, required the ALJ to call a qualified vocational expert to testify. (Id.) The Commissioner argues that the ALJ properly relied on the Guidelines, as the nonexertional limitations plaintiff experienced during a migraine attack occurred infrequently and did not diminish his RFC to perform work at all exertional levels, except that he could not work around hazards or operate a motor vehicle. (ECF No. 14-1 at 13-17.)

At step five of the sequential analysis, the burden shifts to the Commissioner to show that plaintiff can perform work that exists in the national economy. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The Guidelines, as defined in 20 C.F.R. Part 404, Subpart P, Appendix 2, provide rules to be applied in determining whether a claimant is disabled. Specifically, the Guidelines "provide . . . administrative notice of classes of jobs available in the national economy for persons who have, among other things, certain disability characteristics such as strength or exertional limitations." Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir. 1987).

Where a claimant has nonexertional limitations or a combination of exertional and nonexertional limitations that prevent him from performing a full range of work at a given exertional level, the ALJ generally may not rely exclusively on

5

the Guidelines.[2]  Coffman, 712 F.2d at 518; Gory v. Schweiker, 712 F.2d 929, 930-31 (4th Cir. 1989).  In such a case, the Commissioner must obtain the testimony of a vocational expert as to whether jobs exist in the national economy the claimant can perform.  See Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989).  An ALJ may exclusively rely on Guidelines even though there are nonexertional limitations, however, if ALJ finds, and substantial evidence supports finding, that the nonexertional limitations do not significantly diminish a claimant's RFC "to perform work of which he is exertionally capable."  See Walker, 889 F.2d at 50; Smith v. Schweiker, 719 F.2d 723, 724-25 (4th Cir. 1984).

In the instant case, the ALJ found that plaintiff retains the RFC to perform work at all exertional levels, except that his ability to perform such work is compromised by two nonexertional limitations, an inability to work around hazards and an inability to operate a motor vehicle.  (R. at 17, 20.)  The ALJ found that "these limitations have little or no effect on the occupational base of unskilled work at all levels."  (R. at 20 (citing SSR 85-15, 1985 WL 56857 (S.S.A.).)  Accordingly, the ALJ applied

---

[2] Exertional limitations affect a claimant's ability to meet the strength demands of certain jobs.  20 C.F.R. § 404.1569a(a). Nonexertional limitations, on the other hand, are "present whether the claimant is attempting to perform the physical requirements of the job or not."  Gory v. Schweiker, 712 F.2d 929 4th Cir. 1989).

section 204.00 of the Guidelines, which directs a finding of not disabled for an individual capable of performing work at all exertional levels.[3]

The ALJ's finding is supported by substantial evidence. The ALJ gave controlling weight to the opinions plaintiff's treating physicians, Dr. Zafar Malik and Dr. Jamal Ali, that plaintiff has no physical or mental limitations except during a migraine attack, which only occur approximately twice every six months. (R. at 18 (citing R. at 202-205); R. at 19 (citing R. at 209).) The ALJ nonetheless accounted for the unpredictable nature of plaintiff's migraines by restricting plaintiff's

---

[3] Rule 204.00 ("Maximum sustained work capability limited to heavy work (or very heavy work) as a result of severe medically determinable impairment(s)") states:

> The residual functional capacity to perform heavy work or very heavy work includes the functional capability for work at the lesser functional levels as well, and represents substantial work capability for jobs in the national economy at all skill and physical demand levels. Individuals who retain the functional capacity to perform heavy work (or very heavy work) ordinarily will not have a severe impairment or will be able to do their past work-either of which would have already provided a basis for a decision of "not disabled". Environmental restrictions ordinarily would not significantly affect the range of work existing in the national economy for individuals with the physical capability for heavy work (or very heavy work). Thus an impairment which does not preclude heavy work (or very heavy work) would not ordinarily be the primary reason for unemployment, and generally is sufficient for a finding of not disabled, even though age, education, and skill level of prior work experience may be considered adverse.

20 C.F.R. Pt. 404, Subpt. P, App. 2, § 204.00.

exposure to hazards such as unprotected heights and dangerous moving machinery and finding him unable to operate a motor vehicle. (R. at 17.) The ALJ also found that the environmental restrictions he assigned do not have a significant effect on work that exists at all exertional levels, citing SSR 85-15.[4] (R. at 20.) In sum, the ALJ properly found that plaintiff's nonexertional limitations did not significantly erode his occupational base and was thus permitted to rely on the Guidelines to reach a determination that plaintiff is not disabled.

B. **Whether the ALJ Failed to Properly Assess Plaintiff's RFC**

Plaintiff next argues that the ALJ failed to account for his nonexertional limitations in formulating his RFC.[5] (ECF No. 12-1 at 5.) The Commissioner argues, and the court finds, that the ALJ's RFC assessment is supported by substantial evidence, including treatment notes revealing the infrequent nature of

---

[4] "A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels." SSR 85-15, 1985 WL 56857, at *8 (S.S.A.).

[5] Prior to his step four and step five determination, the ALJ concluded that plaintiff retains the RFC to "perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant cannot work around hazards such as unprotected heights or moving/dangerous machinery. He cannot operate a motor vehicle." (R. at 17-19.)

plaintiff's migraines and the opinions of plaintiff's treating physicians that he only experienced limitations during his migraine episodes. (ECF No. 14-1 at 10-13.)

As part of the RFC assessment, the ALJ must follow a two-step process to evaluate a claimant's credibility as it relates to their subjective complaints of pain or other symptoms. See 20 C.F.R. § 404.1545(a)(3); Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether there is objective evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged. Craig, 76 F.3d at 594. Second, the ALJ must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony, and determine the extent to which it limits the claimant's ability to work. Id. at 595.

Here, the ALJ determined that while plaintiff's "medically determinable impairment could reasonably be expected to cause the alleged symptoms," his "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with" plaintiff's RFC as formulated. (R. at 18.) The ALJ cited to specific evidence of record to support his determination regarding plaintiff's credibility.

The ALJ first found that plaintiff's medical records

9

contradict his claims as to the frequency of his migraines and the length of time he is incapacitated by each episode. (R. at 18.) Specifically, the ALJ noted, and the record reveals, that plaintiff visited Dr. Ali in October 2007 and reported that he had only experienced three migraine episodes in the preceding six months. (R. at 19 (citing R. at 209).) The ALJ also noted Dr. Ali's report in May 2008 that plaintiff only had two episodes since his previous visit in October 2007, each one lasting about three and a half hours. (R. at 18 (citing R. at 208).) In addition, the ALJ observed that plaintiff testified at the September 2008 hearing that he had not experienced a migraine since July 2008 and before that, his last migraine was in either February or April 2008. (R. at 18.) As to plaintiff's claim that it takes three weeks to recover from an episode, the ALJ noted Dr. Malik's report that plaintiff's headaches last anywhere from a few minutes to a few hours.[6] (Id. (citing R. at 183).)

The ALJ also found plaintiff's credibility to be undermined by other inconsistencies between his testimony and the record. For example, the ALJ noted that, while plaintiff testified that he suffered from FHM since he was five years old, "medical records indicate the onset was about 25." (R. at 18 (citing R. at 205 (report of Dr. Malik noting plaintiff's limitations have

---

[6] Plaintiff's testimony in this regard is also inconsistent with Dr. Ali's observation in May 2008 that plaintiff's symptoms usually resolve after a few days. (R. at 208.)

been present since age 25-26)).) The ALJ also observed that plaintiff sought disability due to his inability to drive, yet noted plaintiff's testimony "that he does drive, but has someone with him," opining that the presence of someone else in the car is unlikely to avert an accident in the event plaintiff experiences one-side paralysis or loss of vision. (R. at 18.)

The ALJ also reviewed the medical opinion evidence and explained the weight afforded each treating source opinion. (R. at 19.) A treating physician's opinion as to the existence, nature, or severity of a claimant's impairment is generally entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other substantial evidence. 20 C.F.R. § 404.1527(d)(2). A statement from a treating source that a claimant is "disabled" or "unable to work," however, is not a medical opinion, but a dispositive administrative finding that is reserved to the ALJ. See 20 C.F.R. § 404.1527(e).

The ALJ afforded controlling weight to the opinions of Dr. Ali and Dr. Malik that plaintiff suffered no limitations except during a migraine attack. (R. at 19; see R. at 198-200, 202-205.) The ALJ gave Dr. Ali's statement that plaintiff is disabled no probative weight, however, observing that a determination as to disability is an administrative finding

11

reserved to the Commissioner. (R. at 19 (citing SSR 96-5p, 1996 WL 374183 (S.S.A.)).) The ALJ also gave no weight to Dr. Malik's statement that plaintiff experiences a migraine episode one to two times per week, finding it unsupported by the medical records and inconsistent with Dr. Ali's treatment notes in which the plaintiff himself reported less frequent episodes. (R. at 19); see Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) (a treating physician's opinion will be given "significantly less weight" if not supported by clinical evidence or if inconsistent with other substantial evidence). Based on his review of the record, the ALJ determined that plaintiff's migraines only occur approximately twice every six months, and concluded that "two days of absence every six months is an acceptable absence rate by employers." (R. at 19.) This determination is supported by substantial evidence.

## IV. Conclusion

For the foregoing reasons, the court denies plaintiff's Motion for Summary Judgment (ECF No. 12) and grants defendant's Motion for Summary Judgment (ECF No. 14). A separate order shall issue.


Date: 08/31/11      ____/s/_____
                    Beth P. Gesner
                    United States Magistrate Judge